**SUMMIT SAVINGS ASSOCIATION, Relator,**

v.

**David J. GARCIA, Clerk of the District Court of Bexar County, Texas, Respondent.**

**No. 04–87–00085–CV.**

Court of Appeals of Texas, San Antonio.

March 11, 1987.

Christopher J. Simpson, Steven J. Lounds, Dallas, for relator.

Dana G. Kirk, Houston, Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for respondent.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## OPINION

PER CURIAM.

In this original mandamus proceeding, relator, Summit Savings Association, asks us to order respondent, David J. Garcia, Bexar County District Clerk, to release $3,190,442.50 deposited by relator in the registry of the district court. We deny the writ for want of jurisdiction.

Relator had been sued in the underlying cause of action for breach of a real estate contract. The trial court determined that relator had breached the contract and awarded damages of nearly $3,000,000.00 to the plaintiff. Following a judgment to that effect, the trial court entered a turnover order whereby relator was ordered to turn over numerous notes to a receiver pursuant to TEX.CIV.PRAC. & REM. CODE § 31.002 (Vernon 1986). Relator deposited the $3,190,442.50 in an attempt to supersede the turnover order. Respondent has declined to release the money absent an order from a court of appropriate jurisdiction.

The extent of our writ power is set out in TEX.GOV'T CODE § 22.221 (Vernon Pamp.1987). The first three paragraphs of that section address our power to issue the writ of mandamus. They read as follows:

(a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

(b) Each court of appeals may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a judge of a district or county court.

(c) A court of appeals may issue a writ of mandamus, or any other mandatory or compulsory writ or process, against a public officer, an officer of a political party, or a judge or clerk of an election, to compel the performance, in accordance with state law, of a duty imposed on him by law in connection with the holding of a general, special, or primary election or a convention of a political party....

Paragraph (a) states that we may issue a writ of mandamus to enforce our jurisdiction. This paragraph has no application in this case because our jurisdiction has not been invoked by the filing of a cost bond or its equivalent.[1] Paragraph (b) provides that we may issue a writ of mandamus "against a judge of a district or county court." Since respondent is not a judge, this paragraph does not provide for the issuance of the writ sought by relator. Finally, as we interpret paragraph (c), it allows us to issue a writ of mandamus "against a public officer," only to compel the performance of a legal duty in connection with the holding of an election or a political convention. The instant case does not involve either an election or a political convention.

The issuance of the writ of mandamus is denied for want of jurisdiction.

---

1. A supersedeas bond, if sufficient to secure costs and if filed within the time prescribed for the filing of cost bonds, may serve to perfect an appeal. TEX.R.APP.P. 47(a). Relator, however, indicated at oral argument that an appeal had not been perfected from the judgment below. We likewise have no indication from the district clerk's office that an appeal has been perfected. Even if we assume that an appeal has been perfected, relator cannot be heard to argue that the withdrawal of security for appellate costs, and the concomitant abrogation of our jurisdiction, is necessary to enforce our jurisdiction.