Opinion issued October 16, 2003 









 
 





In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00978-CV
____________

IN RE KIRBY GARDNER, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
               Relator, Kirby Gardner, filed a petition for writ of mandamus, complaining
that respondent Charles Bacarisse, Harris County District Clerk, has not filed relator’s
pro se post-conviction application for writ of habeas corpus in trial court cause
number 409145. See Tex. Code Crim. Proc. Ann. art. 11.07, § 1 (Vernon Supp.
2003). We deny the petition.
               The petition does not meet the requirements of the Texas Rules of Appellate
Procedure in many respects. Most notably, it does not reflect that a copy was served
on respondent, nor does it include an appendix. See Tex. R. App. P. 9.5, 52.3.
               Even if the petition did comply with the rules, we would still have to deny
it because we have no jurisdiction to issue a writ of mandamus against a district clerk
unless such is necessary to enforce our jurisdiction. See In re Coronado, 980 S.W.2d
691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); Summit Savings Ass'n
v. Garcia, 727 S.W.2d 106, 107 (Tex. App.—San Antonio 1987, orig. proceeding). 
We have no jurisdiction over post-conviction writs of habeas corpus in felony cases. 
See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth
District, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann.
art. 11.07, § 3 (Vernon Supp. 2003). Therefore, because the matter raised in relator's
petition does not affect our jurisdiction, we must deny the petition.
               The petition for writ of mandamus is dismissed for lack of jurisdiction.
               It is so ORDERED.
PER CURIAM

Panel consists of Justices Taft, Jennings, and Hanks.