Opinion issued October 14, 2004 


 


 

 
 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00939-CR
____________

IN RE HOWARD GUS GREEN, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION
               Relator, Howard Gus Green, filed a motion for leave to file petition for writ
of mandamus, a motion for declaration of inability to pay costs, and a petition for writ
of mandamus. The motions for leave to file and for declaration of inability to pay
costs are granted. We deny the petition.
               Relator requests that this Court compel the Harris County District Clerk to
provide him with the appellate record and other items related to his conviction in
cause number 774479 in the 180th District Court of Harris County.
               We have jurisdiction to issue writs of mandamus against a district court
judge or county court judge in our district, and we may issue all writs necessary to
enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon 2004).
               However, we have no jurisdiction to issue a writ of mandamus against a
district clerk unless such is necessary to enforce our jurisdiction. See In re Coronado,
980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); Summit
Savings Ass'n v. Garcia, 727 S.W.2d 106, 107 (Tex. App.—San Antonio 1987, orig.
proceeding). Relator appealed his conviction in cause number 774479, and this Court
affirmed the trial court’s judgment. Green v. State, No. 01-98-01283-CR (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d) (not designated for publication).
               Relator seeks the documents in question from the district clerk “to pursue
constitutions [sic] violations in cause no. 774479 through an appeal via writ of habeas
corpus . . . .” We have no jurisdiction over post-conviction writs of habeas corpus in
felony cases. See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for
the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); In re Coronado,
980 S.W.2d at 692; Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 2004-2005). Therefore, because the matter raised in relator’s petition does not affect our
jurisdiction, we must deny the petition.
               The petition for writ of mandamus is denied.
               It is so ORDERED.
PER CURIAM

Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).