# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00209-CV

**In re Tony Cervantes**

### ORIGINAL PROCEEDING FROM MILAM COUNTY

### M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Tony Cervantes has filed a Motion for Leave of Court seeking to require the district clerk of Milam County to provide him with certain documents in order to prepare his post-conviction petition for writ of habeas corpus. Cervantes's motion is essentially a petition for writ of mandamus against the district clerk.[1] As discussed by the San Antonio court of appeals, we lack jurisdiction to provide the relief Cervantes requests:

> Our mandamus jurisdiction is quite limited. By statutory grant, courts of appeals have authority to issue writs of mandamus against a district court judge or county court judge in the court of appeals district, and all writs necessary to enforce its jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon 1988). Clearly, a district clerk is not a judge. Thus, in order for a district clerk to fall within

---

[1] Cervantes entitles the document a Motion for Leave of Court, but the relief requested is in the nature of a writ of mandamus issued against the district clerk. "In determining the nature of a filing, we look to the substance of [the] document, not merely its title." *Hall v. Hubco, Inc.*, 292 S.W.3d 22, 35 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (citing *Rush v. Barrios*, 56 S.W.3d 88, 93 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)); *see Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999).

our jurisdictional reach, it must be shown that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *See Click v. Tyra*, 867 S.W.2d 406, 407 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *see also Summit Savings Ass'n v. Garcia*, 727 S.W.2d 106, 107 (Tex. App.—San Antonio 1987, orig. proceeding). The relief Coronado seeks, the trial record for preparation of a writ of habeas corpus to attack his felony convictions, does not affect our jurisdiction. Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 1998); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained, made returnable to the Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 1998). Thus, because the District Clerk's alleged refusal to provide Coronado with a free copy of the record does not affect our jurisdiction, the exercise of our mandamus authority is inappropriate. *See Click*, 867 S.W.2d at 407.

*In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.—San Antonio 1998, orig. proceeding). The San Antonio court's reasoning applies with equal force to the relief Cervantes requests here. This Court lacks jurisdiction to provide the relief he requests.

Cervantes's Motion for Leave of Court is denied.

Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed: May 14, 2010

2