TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00209-CV






In re Tony Cervantes






ORIGINAL PROCEEDING FROM MILAM COUNTY



 

M E M O R A N D U M O P I N I O N


PER CURIAM


 Tony Cervantes has filed a Motion for Leave of Court seeking to require the
district clerk of Milam County to provide him with certain documents in order to prepare his post-conviction petition for writ of habeas corpus. Cervantes's motion is essentially a petition for writ of
mandamus against the district clerk. (1)
 As discussed by the San Antonio court of appeals, we lack
jurisdiction to provide the relief Cervantes requests:


 Our mandamus jurisdiction is quite limited. By statutory grant, courts of appeals
have authority to issue writs of mandamus against a district court judge or
county court judge in the court of appeals district, and all writs necessary to
enforce its jurisdiction. See Tex. Gov't Code Ann. § 22.221(a), (b) (Vernon 1988).
Clearly, a district clerk is not a judge. Thus, in order for a district clerk to fall within
our jurisdictional reach, it must be shown that the issuance of the writ of mandamus
is necessary to enforce our jurisdiction. See Click v. Tyra, 867 S.W.2d 406, 407
(Tex. App.--Houston [14th Dist.] 1993, orig. proceeding); see also Summit
Savings Ass'n v. Garcia, 727 S.W.2d 106, 107 (Tex. App.--San Antonio 1987,
orig. proceeding). The relief Coronado seeks, the trial record for preparation of a
writ of habeas corpus to attack his felony convictions, does not affect our jurisdiction.
Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus
in felony cases. See Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp.
1998); Hoang v. State, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993).
Post-conviction writs of habeas corpus are to be filed in the trial court in which
the conviction was obtained, made returnable to the Court of Criminal Appeals.
Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon Supp. 1998). Thus, because the
District Clerk's alleged refusal to provide Coronado with a free copy of the record
does not affect our jurisdiction, the exercise of our mandamus authority is
inappropriate. See Click, 867 S.W.2d at 407.


In re Coronado, 980 S.W.2d 691, 692-93 (Tex. App.--San Antonio 1998, orig. proceeding). The
San Antonio court's reasoning applies with equal force to the relief Cervantes requests here. This
Court lacks jurisdiction to provide the relief he requests.

 Cervantes's Motion for Leave of Court is denied.



Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed: May 14, 2010
1. Cervantes entitles the document a Motion for Leave of Court, but the relief requested is
in the nature of a writ of mandamus issued against the district clerk. "In determining the nature of
a filing, we look to the substance of [the] document, not merely its title." Hall v. Hubco, Inc.,
292 S.W.3d 22, 35 (Tex. App.--Houston [14th Dist.] 2006, pet. denied) (citing Rush v. Barrios,
56 S.W.3d 88, 93 (Tex. App.--Houston [14th Dist.] 2001, pet. denied)); see Surgitek, Bristol-Myers
Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999).