COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE | § | |
| | § | No. 08-11-00175-CR |
| KEVIN REVELS, | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| RELATOR. | § | |

**O P I N I O N**

Relator filed a petition for writ of mandamus against Carolyn Rains in her capacity as District Clerk of the 349th Judicial District Court. Relator claims that he was convicted of a felony in the 349th Judicial District in Crockett, Texas. He filed a notice of appeal, and Ms. Rains sent the appeal to the Twelfth Court of Appeals in Tyler, Texas, which affirmed his conviction in 1995. According to Relator, this Court, not the Twelfth Court, had jurisdiction over his appeal. He requests that we order Ms. Rains to forward his records to us and then render a judgment of acquittal.

One might assume that the City of Crockett would be located in Crockett County and that the City of Houston would be located in Houston County. But that assumption would be incorrect. We take judicial notice that Ms. Rains is the District Clerk of Houston County, Texas, which has its county seat in the City of Crockett, over one-hundred miles from the City of Houston and on the opposite side of the state from Crockett County. *See Butts Retail, Inc. v. Diversifoods, Inc.*, 840 S.W.2d 770, 774 (Tex.App.--Beaumont 1992, writ denied)("The Court may take judicial notice of the location of cities, counties, boundaries, dimensions, and distances

because geographical facts such as these are easily ascertainable and capable of verifiable certainty."); *see also In re Smith*, No. 09-10-00082-CV, 2010 WL 974422, at *1 (Tex.App.--Beaumont March 18, 2010, orig. proceeding)(mem. op.)(taking judicial notice of the name of a district clerk). The 349th Judicial District is in Houston County and Houston County is within the geographic limits of the Twelfth Court of Appeals. *See* TEX.GOV'T CODE ANN. § 22.201(m) (West Supp. 2010); *id*. at § 24.495 (West 2004). Crockett County, on the other hand, lies within our geographic limits. *See id*. at § 22.201(i). This confusing state of affairs apparently led Relator to believe that his appeal was heard by the wrong court.

We may issue a writ of mandamus to a district clerk only if she interferes with our jurisdiction. *See id*. at § 22.221(a); *In re Washington*, 7 S.W.3d 181, 182 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding). Because Relator has not demonstrated that Ms. Rains has done anything to interfere with our jurisdiction, the petition is denied.

June 1, 2011
                                        DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Publish)