**Dismiss and Opinion Filed March 18, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00332-CV

### IN RE MARK LYNN MILLIGAN, Relator

**Original Proceeding from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-27465-W**

## MEMORANDUM OPINION
Before Justices Bridges, Stoddart, and Whitehill
Opinion by Justice Bridges

Relator filed this petition for writ of mandamus requesting that the Court order the district clerk to provide him a free copy of the record for use in preparation of his petition for discretionary review in the Texas Court of Criminal Appels. The Court's power to issue a writ of mandamus is limited. The extent of the Court's writ power is set out in TEX. GOV'T CODE § 22.221:

> (a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.
>
> (b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:
>
> > (1) judge of a district or county court in the court of appeals district; or
> >
> > (2) judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district.

Because a district clerk is not a judge, "in order for a district clerk to fall within our jurisdictional reach, it must be shown that the issuance of the writ of mandamus is necessary to enforce our jurisdiction." *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Washington,* 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Revels,* 420 S.W.3d 42, 43 (Tex. App.—El Paso 2011, orig. proceeding); *Click v. Tyra,* 867 S.W.2d 406, 407 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *Summit Savings Ass'n v. Garcia,* 727 S.W.2d 106, 107 (Tex. App.—San Antonio 1987, orig. proceeding). The relief relator seeks does not affect this Court's jurisdiction; it affects the jurisdiction of the court of criminal appeals. Thus, this Court lacks jurisdiction to compel the act the relator requests. We **DISMISS** the petition for writ of mandamus.

150332F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE