**DISMISS and Opinion Filed April 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00496-CV

### IN RE CHARLES KILLINGSWORTH, Relator

**Original Proceeding from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 29663**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Schenck
Opinion by Justice Myers

Relator filed this petition for writ of mandamus requesting that the Court order the Hunt County district clerk to file and forward to the Court of Criminal Appeals his documents concerning his petition for post-conviction habeas corpus relief and to respond to his request for copies of documents. We dismiss the petition for lack of jurisdiction.

The Court's power to issue a writ of mandamus is limited. The extent of the Court's writ power is set out in § 22.221 of the Texas Government Code:

> (a) Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court.

> (b) Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a:

> (1) judge of a district or county court in the court of appeals district; or

> (2) judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district.

TEX. GOV'T CODE ANN. § 22.221 (West 2004). Because a district clerk is not a judge, "in order for a district clerk to fall within our jurisdictional reach, it must be shown that the issuance of the writ of mandamus is necessary to enforce our jurisdiction." *In re Coronado,* 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Washington,* 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Revels,* 420 S.W.3d 42, 43 (Tex. App.—El Paso 2011, orig. proceeding); *Click v. Tyra,* 867 S.W.2d 406, 407 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding); *Summit Savings Ass'n v. Garcia,* 727 S.W.2d 106, 107 (Tex. App.—San Antonio 1987, orig. proceeding).

While the courts of appeals have concurrent mandamus jurisdiction with the Court of Criminal Appeals in some post-conviction proceedings, *Padilla v. McDaniel,* 122 S.W.3d 805, 808 (Tex. Crim. App. 2003) (forensic DNA testing), only the Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *In re Turk,* No. 14–09–00129–CR, 2009 WL 396197, at *1 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *In re Bailey,* No. 14–06–00841–CV, 2006 WL 2827249, at *1 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (mem. op.); *In re McAfee,* 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding.). Consequently, any complaints about action or inaction on a matter related to a pending post-conviction petition for writ of habeas corpus must be brought by mandamus to the Court of Criminal Appeals and not to this Court. *In re McAfee*, 53 S.W.3d at 717. We **DISMISS** the petition.

150496F.P05

/Lana Myers/
LANA MYERS
JUSTICE