# NO. 12-14-00197-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVONTAE ROBINSON,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Davontae Robinson appeals his conviction for possession of a controlled substance following the revocation of his deferred adjudication community supervision. In two issues, Appellant argues that the trial court improperly assessed attorney's fees as court costs in its judgment. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of between one and four grams of cocaine and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for four years.

Subsequently, the State filed a motion to proceed to final adjudication arguing that Appellant had violated certain terms and conditions of his community supervision. A hearing was conducted on the State's motion, at which Appellant pleaded "true" to the alleged violations. At the conclusion of the hearing, the trial court found the allegations in the State's motion to be "true," revoked Appellant's community supervision, adjudicated him "guilty" as charged, and sentenced him to imprisonment for three years. This appeal followed.

## ATTORNEY'S FEES AS COURT COSTS

In his first issue, Appellant argues that the trial court erred in assessing attorney's fees as court costs against him because the evidence is legally insufficient to support the costs assessed.[1]

## Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 388 (Tex.–Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.).

Some court costs, such as attorney's fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.– Amarillo 2012, no pet.).

## Evidence Supporting Assessment of Costs

In the instant case, the judgment of conviction reflects that the trial court assessed $73.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $73.00. However, the certified bill of costs itemizes the balance of the court costs imposed, which total $373.00. We have reviewed each of the fees

---

[1] In his second issue, Appellant argues that the district clerk erred by including attorney's fees for appointed counsel in the bill of costs. This court does not correct actions of district clerks unless such actions interfere with our jurisdiction. *See In re Revels*, 420 S.W.3d 42, 43 (Tex. App.–El Paso 2011, no pet.). Thus, we do not consider Appellant's second issue.

listed in the bill of costs. Except for the items listed as "attorney's fees," Appellant admits that all other costs and fees are authorized by statute.[2]

The State concedes that the attorney's fees set forth in the bill of costs is improper. The trial court determined in three instances that Appellant was indigent, and there is no evidence in the record to rebut the presumption that Appellant's indigence continued throughout the remainder of the proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wolfe*, 377 S.W.3d at 144. As a result, the evidence would be insufficient to support the imposition of attorney's fees as court costs.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); *Mayer*, 309 S.W.3d at 553; *Wolfe*, 377 S.W.3d at 146.

## Summation

When the unsupported fee of $300.00 is subtracted from the total balance of $373.00 in the bill of costs, the difference is $73.00, the amount set forth in the trial court's judgment and Attachment A. Therefore, because the erroneously listed cost was not, in fact, assessed, we hold that the costs imposed in the trial court's judgment are supported by legally sufficient evidence. Appellant's first issue is overruled.

### DISPOSITION

Having overruled Appellant's first issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

---

[2] The total "Initial Amount" of costs assessed is $673.00 while the total "Balance" is $373.00. For each fee assessed other than attorney's fees, the "Balance" sets forth a lesser amount than the initial assessment. Thus, it appears that no amount Appellant had paid in costs as of the date the bill of costs was created was applied toward the assessment of attorney's fees.

[3] In his brief, Appellant makes reference to costs assessed in conjunction with the order placing him on deferred adjudication community supervision. Ordinarily, any issue related to the original plea proceeding must be taken only in an appeal of the original order of deferred adjudication. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015). And Appellant has not argued that his failure to appeal the original deferred adjudication order was based on his lack of knowledge concerning the costs at issue. *See id.* Moreover, we note that Appellant's notice of appeal sets forth only that he is appealing the judgment of conviction and sentencing. Further still, Appellant expressly waived his right to appeal as part of the plea agreement resulting in his being placed on community supervision. Finally, in conjunction with Appellant's plea agreement, the trial court expressly set forth that Appellant had no right to appeal anything pertaining to the order placing him on community supervision. *See* TEX. R. APP. P. 25.2(a)(2), (c)(2). Therefore, we conclude that in spite of Appellant's reference to costs assessed in the original plea proceeding, Appellant intended to appeal only the subsequent judgment of conviction and sentencing. Accordingly, we restrict our analysis to the costs assessed in the judgment of conviction.

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 22, 2015**

**NO. 12-14-00197-CR**

**DAVONTAE ROBINSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0329-11)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*