# NO. 12-15-00006-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROGER DALE WHITENER,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Roger Dale Whitener appeals his conviction for injury to an elderly individual. In four issues, Appellant argues that the trial court failed to consider the full range of punishment, and that it erred in imposing attorney's fees. We affirm.

## BACKGROUND

Appellant was charged by indictment with injury to an elderly individual. He pleaded "no contest" to the offense. The trial court found him guilty, and the matter proceeded to a bench trial on punishment. The trial court assessed Appellant's punishment at imprisonment for eight years and a $500 fine. This appeal followed.

## FAILURE TO CONSIDER FULL RANGE OF PUNISHMENT

In Appellant's first and second issues, he contends that he was denied due process and due course of law by the trial court's failure to consider the full range of punishment when assessing his sentence.

### Standard of Review and Applicable Law

Due process requires a neutral and detached hearing body or officer. ***Gagnon v. Scarpelli***, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761, 36 L. Ed. 2d 656 (1973). It is a denial of due process for a trial court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. ***McClenan***

*v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983). In the absence of a clear showing of bias, we will presume the trial judge was a neutral and detached officer. *Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, pet. dism'd). Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). In applying our state constitutional guarantee of due course of law, we follow contemporary federal due process interpretations. *U.S. Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997); *Fleming v. State*, 376 S.W.3d 854, 856 (Tex. App.—Fort Worth 2012), *aff'd*, 455 S.W.3d 577 (Tex. Crim. App. 2014), *cert. denied*, 135 S. Ct. 1159, 190 L. Ed. 2d 913 (2015).

<u>Analysis</u>

Appellant argues that when the trial court found him guilty before hearing the evidence on punishment, it foreclosed the possibility of granting him deferred adjudication. Appellant contends that this foreclosure constituted a failure to consider the full range of punishment, resulting in a denial of his due process right to a detached and neutral magistrate. The State responds that Appellant failed to preserve this issue by a timely objection, the record does not support Appellant's claim of a biased or prejudiced magistrate, and Appellant has not shown how the alleged error affected the outcome of the trial. Appellant argues that the alleged error is structural, does not require preservation by objection, and is not subject to a harm analysis.

Preservation of error is a systemic requirement on appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010). It is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits. *Id.* In general, a claim is preserved for appellate review only if (1) the complaint was made to the trial court by a timely and specific request, objection, or motion, and (2) the trial court either ruled on the request, objection, or motion or refused to rule and the complaining party objected to that refusal. TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). If a party fails to properly object to errors at trial, even constitutional errors can be forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

But Rule of Appellate Procedure 33.1 is not absolute. *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Whether it applies to a particular complaint turns on the nature of

the right allegedly infringed. *Id.* The court of criminal appeals has separated defendants' rights into three categories: (1) absolute requirements and prohibitions, which cannot lawfully be avoided even with partisan consent; (2) waivable-only rights, which must be implemented unless expressly waived; and (3) forfeitable rights, which are forfeited unless requested by the litigant. *Id.*; ***Marin v. State***, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by* ***Cain v. State***, 947 S.W.2d 262 (Tex. Crim. App. 1997). Rule 33.1's preservation requirement applies only to the last category. *Id.*

The right to be sentenced after consideration of the full range of punishment is a category two waivable-only right. ***Grado***, 445 S.W.3d at 743. Therefore, Appellant's complaint that the trial court failed to consider deferred adjudication when assessing his punishment was not forfeited by his failure to object at trial. *See id.* Furthermore, the record does not show that Appellant expressly waived the right at issue. We therefore consider the merits of Appellant's complaint. *See id.*

Contrary to Appellant's assertion, the trial court did not foreclose the possibility of granting him deferred adjudication when it orally found him guilty before hearing the evidence on punishment. On October 21, 2014, Appellant pleaded "no contest," and the trial court stated that it found him guilty. The trial court then heard punishment evidence and postponed sentencing until a presentence investigation could be conducted. On October 30, 2014, the trial court heard closing arguments and assessed Appellant's punishment at imprisonment for eight years and a $500 fine. The written judgment states that the judgment was entered on October 30, 2014.

Appellant asserts that the trial court entered a finding of guilt immediately after his plea on October 21. But the record shows that the court made an oral finding of guilt at that time and entered the finding of guilt in the judgment on October 30. An oral finding of guilt does not divest a trial court of the power to grant deferred adjudication. ***West v. State***, 702 S.W.2d 629, 635 (Tex. Crim. App. 1986). Thus, the record does not support Appellant's argument that the trial court foreclosed the possibility of granting deferred adjudication prior to hearing evidence on punishment. Moreover, nothing in the record indicates that the trial court did not consider granting deferred adjudication. Accordingly, we overrule Appellant's first and second issues.

### ATTORNEY'S FEES

In Appellant's third and fourth issues, he contends that the trial court and the district clerk erred by imposing attorney's fees as court costs. We do not consider Appellant's fourth issue because this court does not correct actions of district clerks unless such actions interfere with our jurisdiction. *See **In re Revels***, 420 S.W.3d 42, 43 (Tex. App.—El Paso 2011, orig. proceeding).

### Standard of Review and Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When the imposition of court costs is challenged on appeal, we review the assessment of costs to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. ***Id.***

A trial court has the authority to assess attorney's fees against a criminal defendant who received court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2015). But once a criminal defendant has been determined to be indigent, he "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2015). Before attorney's fees may be imposed, the trial court must make a determination supported by some factual basis in the record that the defendant has the financial resources to enable him to offset in part or in whole the costs of the legal services provided. *See **Johnson v. State***, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.). If the record does not show that the defendant's financial circumstances materially changed, there is no basis for the imposition of attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); ***Mayer v. State***, 309 S.W.3d 552, 553, 557 (Tex. Crim. App. 2010); ***Johnson***, 405 S.W.3d at 354.

### Analysis

Appellant argues that attorney's fees were improperly assessed against him because his attorney was not court appointed but retained. Appellant acknowledges that the judgment does not include attorney's fees, but he contends that the order to withdraw funds does.

The record does not support Appellant's contention that the order to withdraw funds, which was incorporated into the judgment, includes attorney's fees. At trial on October 30, 2014, the trial court orally assessed Appellant's punishment at imprisonment for eight years and a $500

fine. The trial court also ordered Appellant to pay court costs and began to order reimbursement of court-appointed attorney's fees, but was corrected by defense counsel who said he was retained. The written judgment was entered the same day and reflects a fine of $500 and court costs of $249. The order to withdraw funds, also dated October 30, 2014, states that "[c]ourt costs, fees and/or fines and/or restitution have been incurred in the amount of $749.00."

The bill of costs, dated February 27, 2015, reflects a total of $749, including an entry of $500 for "CRIMINAL ATTY." While the bill of costs appears to reflect a mistaken entry for court appointed attorney's fees, it does not follow that this amount is included in the order to withdraw funds. If it were, the amount specified in the order for "[c]ourt costs, fees and/or fines and/or restitution" would be $500 for the fine, $500 for the attorney's fees, and $249 for the remaining court costs, for a total of $1,249 rather than $749. Therefore, we conclude the record does not support Appellant's contention that the order to withdraw includes attorney's fees. Accordingly, we overrule Appellant's third issue.

### DISPOSITION

Having overruled Appellant's first, second, and third issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 30, 2015**

**NO. 12-15-00006-CR**

**ROGER DALE WHITENER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR13-00643)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*