

# NUMBER 13-23-00394-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FRANCISCO PEREZ

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Tijerina[1]**

Francisco Perez filed a pro se "Motion to Compel District Clerk to File Notice of Appeal" in this Court. Although this pleading is unclear, Perez appears to request that we compel Laura Hinojosa, the District Clerk of Hidalgo County, Texas, "to perform her duties." Because Perez does not have a pending appeal[2] in this Court and he requests

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Perez recently filed a notice of appeal arising from the same trial court cause number that is at

us to command a public officer to perform an act, we liberally construe Perez's motion as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1 (governing the perfection of appeal); *Ex parte Caldwell*, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) (stating that "it is the substance of the motion that governs, not the title"), *superseded by statute on other grounds as recognized by Druery v. State*, 412 S.W.3d 523, 534 (Tex. Crim. App. 2013).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). However, our jurisdiction to issue mandamus relief is limited by statute. *See generally* TEX. GOV'T CODE ANN. § 22.221. In short, we have no authority to issue a writ of mandamus to a district clerk unless they are interfering with our appellate jurisdiction. *See id.*; *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding); *In re Potts*, 357 S.W.3d 766, 768 (Tex.

---

issue in this proceeding: trial court cause number CR-5243-19-L in the 464th District Court of Hidalgo County, Texas. However, that appeal has been resolved and is no longer pending. *See Perez v. State*, No. 13-23-00079-CR, 2023 WL 3116760, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 27, 2023, no pet.) (mem. op., not designated for publication) (dismissing the appeal because the trial court's certification failed to show that Perez possessed the right to appeal).

App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Revels*, 420 S.W.3d 42, 43 (Tex. App.—El Paso 2011, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Perez has not met his burden to show that we have jurisdiction to entertain his request for mandamus relief. Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of September, 2023.