

# NUMBER 13-24-00447-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ANDREW BROWN

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras[1]**

Relator Andrew Brown has filed a pro se petition for writ of mandamus seeking to compel the District Clerk of Gonzales County, Texas, to "stop denying" his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254 (providing a federal remedy by writ of habeas corpus for persons held in state custody).

The Court, having examined and fully considered relator's petition for writ of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

mandamus, is of the opinion that we lack jurisdiction to grant the requested relief. As an initial matter, we note that the instructions for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 direct the applicant to file the petition with the clerk of the United States District Court, not the state court. *See* https://www.uscourts.gov/forms/civil-forms/petition-writ-habeas-corpus-under-28-usc-ss-2254 (last visited Sept. 13, 2024). Leaving that matter aside, our jurisdiction to issue mandamus relief is limited by statute. *See generally* TEX. GOV'T CODE ANN. § 22.221. We have no authority to issue a writ of mandamus to a district clerk unless the clerk is interfering with our appellate jurisdiction. *See id.* § 22.221(a), (b); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding); *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Revels*, 420 S.W.3d 42, 43 (Tex. App.—El Paso 2011, orig. proceeding). Further, we lack original habeas corpus jurisdiction in criminal law matters. TEX. GOV'T CODE ANN. § 22.221(d); *In re Quinata*, 538 S.W.3d 120, 120 (Tex. App.—El Paso 2017, orig. proceeding); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam). Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
16th day of September, 2024.

2