**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00003-CR**
_____


**IN RE RAKEEM J. ROACHE**

---

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. F-20-34664-0**

---

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator RaKeem J. Roache asks this Court to compel the Jefferson County District Clerk, the trial court judge, and an assistant prosecutor to respond to a post-conviction application for a writ of habeas corpus that Roache says he mailed in November 2024 and to a motion for judgment nunc pro tunc that Roache states he mailed in October 2024 seeking "5 year back time credit." We deny the petition.

We maintain general mandamus jurisdiction over certain judges in our district. *See* Tex. Gov't Code Ann. § 22.221(b). Otherwise, we may issue a writ of mandamus

only to enforce our jurisdiction. *Id.* § 22.221(a); *see In re Revels*, 420 S.W.3d 42, 42 (Tex. App.—El Paso 2011, orig. proceeding) (we may issue a writ of mandamus to a district clerk only if he interferes with our jurisdiction). Roache does not claim that the requested relief is necessary to enforce this Court's jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a). Accordingly, mandamus relief is not available against the District Clerk and the assistant district attorney. *See id.*

The Court of Criminal Appeals maintains exclusive mandamus jurisdiction regarding proceedings under article 11.07 of the Texas Code of Criminal Procedure. *See Padieu v. Ct. of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (distinguishing the intermediate appellate court's authority to order mandamus relief in a case where an article 11.07 application is anticipated but not filed from cases involving active habeas corpus proceedings concerning final felony convictions). Roache maintains that he has a pending article 11.07 application for a writ of habeas corpus. Accordingly, we may not issue a writ of mandamus to compel the trial court to proceed with processing Roache's application for a writ of habeas corpus.

Generally, a trial court's failure at sentencing to award pre-sentence jail-time credit to a defendant in accordance with article 42.03 of the Texas Code of Criminal Procedure may be corrected by a nunc pro tunc order. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004); *see* Tex. Code Crim. Proc. Ann. art. 42.03,

2

sec. 2(a). If a trial court fails to respond to a motion for judgment nunc pro tunc, "relief may be sought by filing an application for writ of mandamus in a court of appeals." *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010). But to be entitled to mandamus relief, the relator must provide a record that is sufficient to establish (1) "that he has no adequate remedy at law to redress his alleged harm," and (2) "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

Roache failed to provide any competent evidence to support his claim that the trial court failed to award mandatory credit on Roache's sentence and that the trial court abused its discretion by ignoring Roache's motion for judgment nunc pro tunc. *See* Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1). Roache also failed to certify he has reviewed the petition and concluded that every factual statement is supported by competent evidence included in the appendix or record. *See* Tex. R. App. P. 52.3(j). Additionally, he failed to properly designate and serve a copy of his mandamus petition on the Respondent and the Real Party in Interest. *See id*. 9.5, 52.2.

Finally, Roache has not shown that the trial court failed to rule within a reasonable time. To establish that he properly filed a motion for judgment nunc pro tunc, "the relator must provide either a file-stamped copy of the motion or other proof that the motion in fact was filed and is pending before the trial court." *In re*

3

*Gomez*, 602 S.W.3d 71, 74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). Because the District Clerk's knowledge that a motion has been filed is not imputed to the trial court, the relator must also demonstrate that the motion for judgment nunc pro tunc was brought to the attention of the trial court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). In *Ramos*, the mandamus record included a clerk's notation that the trial court had directed that no action be taken on the motion. *Id.* at 474. Absent competent evidence that the trial court was aware of but refused to rule on Roache's motion for judgment nunc pro tunc, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on January 14, 2025
Opinion Delivered January 15, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.