

# NUMBER 13-25-00382-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BRADERICK GERLMAINE TANNER

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Fonseca
### Memorandum Opinion by Justice Fonseca[1]

Braderick Gerlmaine Tanner has filed a pro se pleading in this Court. Tanner's pleading is titled as a "Motion for Nunc Pro Tunc Judgment" and appears to allege error regarding a motion to recuse, typographical errors, the alteration of a plea agreement, and the duty to rule on a pending motion. In this pleading, Tanner seeks relief against the trial judge and the district clerk.[2] Tanner does not have a pending appeal in this Court

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Tanner's request for relief arises from trial court cause number 2101-10789 in the 24th District Court of Jackson County, Texas. Tanner has already pursued a direct appeal from that cause number;

and he does not reference a final judgment that is subject to appeal or a separately appealable interlocutory order. Accordingly, we liberally construe his pro se pleading as a petition for writ of mandamus. *See generally* Tex. R. App. P. 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act."). As construed, we deny the petition for writ of mandamus in part and dismiss it for lack of jurisdiction in part.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021,

---

however, we note that he is identified in the related appeal as "Bradrick" Gerlmaine Tanner. *See Tanner v. State*, No. 13-22-00099-CR, 2024 WL 193722, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 18, 2024), *rev'd*, 707 S.W.3d 371 (Tex. Crim. App. 2024).

orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that Tanner has not met his burden to obtain relief against the judge of the trial court. To the extent that Tanner seeks relief against the district clerk, our mandamus jurisdiction does not extend to the district clerk unless it is necessary to enforce our jurisdiction, and this case presents no such circumstances. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding); *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Revels*, 420 S.W.3d 42, 43 (Tex. App.—El Paso 2011, orig. proceeding). Accordingly, we deny the petition for writ of mandamus in part as to the judge of the trial court and dismiss it in part as to the district clerk for lack of jurisdiction.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
31st day of July, 2025.

3