

# NUMBER 13-25-00412-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE BRADRICK GERLMAINE TANNER

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva[1]**

Relator Bradrick Gerlmaine Tanner has filed a pro se petition for writ of mandamus raising various complaints regarding the district clerk's failure to act regarding relator's motion for nunc pro tunc judgment.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator's petition for writ of mandamus arises from trial court cause number 2101-10789 in the 24th District Court of Jackson County, Texas. Relator has already pursued a direct appeal from that cause number. *See Tanner v. State*, No. 13-22-00099-CR, 2024 WL 193722, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 18, 2024), *rev'd*, 707 S.W.3d 371 (Tex. Crim. App. 2024). Tanner has previously sought relief regarding the same or similar issues as those that are presented in this original proceeding, although he

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding); *id.* R. 52.7(a) (providing that the relator "must file" a record including specific matters).

---

identified himself in that original proceeding as "Braderick" Gerlmaine Tanner. *See In re Tanner*, No. 13-25-00382-CR, 2025 WL 2180531, at *1 (Tex. App.—Corpus Christi–Edinburg July 31, 2025, orig. proceeding) (mem. op., not designated for publication).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain relief. Our mandamus jurisdiction does not extend to the district clerk unless it is necessary to enforce our jurisdiction, and this case presents no such circumstances. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding); *In re Potts*, 357 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *In re Revels*, 420 S.W.3d 42, 43 (Tex. App.—El Paso 2011, orig. proceeding). Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
18th day of August, 2025.

3