

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00030-CV

_____


IN RE:  THE ESTATE OF LINDA J. VELVIN, DECEASED


Original Mandamus & Prohibition Proceedings


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

# O P I N I O N

William Pieratt Demond[1] has filed a petition for writ of prohibition and writ of mandamus directed toward the Honorable Jeff Addison, presiding judge of the County Court at Law of Bowie County,[2] and the Honorable Jerry Calhoon  (sitting for the County Court at Law of Bowie County), relating to actions in the ongoing probate case of *The Estate of Linda J. Velvin*, *Deceased*, purportedly pending in causes 39,821, 39,821A, and 39,821B on the probate docket of the County Court at Law of Bowie County, Texas.

Demond seeks to have this Court enter an order (1) directing the judges mentioned above to refrain from entering a finding that Demond was guilty of contempt of court until after this Court has resolved Demond's attempt to appeal a sanction order and (2) to prohibit Judge Calhoon from ordering the estate to be closed until Demond's claim for attorney's fees is reviewed on appeal.[3]  Although not as clearly requested, we note the petition could also be interpreted as requesting this Court to grant relief from Judge Calhoon's order that Demond pay $5,130.00 in sanctions, Judge Addison's order removing Demond as attorney ad litem for C.A.,

---

[1]We note Demond appears to attempt to bring this petition on behalf of the estate as well as his former client, C.A (the minor child beneficiary of the estate).  Demond concedes the trial court has removed him as attorney ad litem for C.A.  Demond has not provided this Court with any authority that he can bring a petition on behalf of an estate or on behalf of a former client who was a beneficiary of that estate, but is no longer his client.  Therefore, we have realigned Demond as the relator.  *See In re Hill*, No. 2-07-295-CV, 2007 Tex. App. LEXIS 7928 (Tex. App.—Fort Worth Oct. 3, 2007, orig. proceeding) (mem. op.) (attorney ordered to pay sanctions who did not represent any party to lawsuit could seek mandamus relief).

[2]Demond alleges Judge Addison has recused himself from this case.

[3]This opinion should not be interpreted as concluding that Demond has properly perfected an appeal on these matters because we are not resolving whether these complained-of orders are final and appealable orders, whether an interlocutory appeal is available to Demond, or whether Demond has properly perfected his appeal of these matters.

and from Judge Calhoon's order reappointing Kyle Davis as the fourth personal representative of the estate.

This Court has jurisdiction to issue writs of prohibition to protect its jurisdiction, including preventing interference with a pending appeal. TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221 (West 2004). The purpose of a writ of prohibition is to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680 (Tex. 1989) (orig. proceeding); *Sivley v. Sivley*, 972 S.W.2d 850, 862–63 (Tex. App.—Tyler 1998, orig. proceeding). If there is an adequate remedy by appeal, a writ of prohibition is not appropriate. *Holloway*, 767 S.W.2d at 684; *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.—Tyler 2006, orig. proceeding).

Mandamus issues only when the mandamus record establishes both (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). To determine whether a party has an adequate remedy by appeal, we apply a balancing test. *See Prudential Ins. Co.*, 148 S.W.3d at 136. Under this test, whether a remedy available on direct appeal is adequate depends heavily on the circumstances, including whether the detriments of mandamus review outweigh the benefits. *Id.*

3

Although Demond's petition is fairly lengthy, he has failed to provide this Court with any record to support the many complaints contained in that petition.[4] It is the relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. Demond's petition is not accompanied by a certified or sworn copy of the motions that are the subjects of his complaints, as is required by Rule 52.3 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1). Demond's petition fails to contain any appendix or any other attempt to provide a record for our review. Without some record of this type, we are unable to grant the extraordinary relief he has requested.

---

[4]We note that Demond claims that a record will eventually be provided and represents that although he has made a request to the County Clerk of Bowie County for a copy of the record, this has yet to be completed. He also represents that the statements he makes in his petition are true and that when an appeal is filed, the requisite record will be filed and it will contain what he represents it to contain. Unlike an appeal, a record in a mandamus is required by the Texas Rules of Appellate Procedure to be filed contemporaneously with the petition. TEX. R. APP. P. 52.7 Demond has not provided this Court with a sufficient explanation for not having followed the Rules in this case and has neither given an explanation of the content of his request to the County Clerk of Bowie County nor provided an estimate of when that record would be made available. Judging from the content of Demond's petition, it appears that he requested a record in conjunction with his attempt to bring an interlocutory appeal of the sanctions. The filing of a record in one case does not operate to compensate for the deficiency of the record in another. A party does not have any right to use an appellate record in one case to compensate for a deficient record in another case even though an appellate court does have the authority (but rarely does) to take judicial notice of its own records. *See Nolan v. Bettis*, 577 S.W.2d 551, 554 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.) (explaining why appellate courts do not normally take judicial notice of their own records).

For the reasons stated, Demond's petition is denied.


                                         Bailey C. Moseley
                                         Justice

Date Submitted:      April 18, 2013
Date Decided:       April 19, 2013