

## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

§

§

EX PARTE: RODNEY RAMIREZ

§

§

§

§

§

No. 08-13-00194-CR

Appeal from

327th District Court

of El Paso County, Texas

(TC # 59793-327-3)

## **O R D E R**

This appeal is before the Court to determine whether it has jurisdiction of the appeal. The issue to be decided is whether Appellant's writ application falls under Article 11.07 of the Texas Code of Criminal Procedure or Article 5, Section 8 of the Texas Constitution. The procedures found in Article 11.07 are the exclusive remedy when an applicant challenges a final and non-capital felony conviction. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07 §§ 1, 5 (West Supp. 2012). Article 11.07 is utilized to determine the legality of the applicant's confinement. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07 § 3(c)(West Supp. 2012). "Confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus." *Id.*; *see Ex parte Harrington*, 310 S.W.3d 452 (Tex.Crim.App. 2010).

Appellant alleges in his writ application that he has discharged his sentence in the

challenged conviction (cause number 59793), but Appellant's current mailing address is the William P. Clements Unit in Amarillo, Texas. He also alleges in his writ application that he has "suffered collateral consequences by enhancement from this void conviction." We understand Appellant to assert that his conviction in cause number 59793 has been used for enhancement purposes in subsequent prosecutions but his writ application does not identify these prosecutions.[1]

In order for Article 11.07 to apply to Appellant's writ application, he must be confined within the meaning of Article 11.07, § 3(c). The trial court's findings of fact do not address whether Appellant is so confined. This issue directly impacts whether we have jurisdiction of the appeal. Accordingly, we abate the appeal and direct the trial court to make written findings of fact on the following issues:

1.  whether Appellant has discharged his sentence in cause number 59793;

2.  whether Appellant is currently incarcerated in TDCJ-ID, and if so, on what conviction(s), including the style of the case(s), the cause number(s), the convicting court(s), the offense(s), and the sentence(s) imposed; and

3.  whether the credit card abuse conviction in cause number 59793 was used for enhancement purposes in trial court cause number 980D11615 (our cause number 08-99-00082-CR).

To resolve these fact issues, the trial court is authorized to conduct a hearing but the court may, in its discretion, determine the fact issues based on written and documentary evidence submitted by the parties. The trial court should afford both the State and Appellant an opportunity to submit written responses relevant to these issues. Any evidence submitted to the trial court

---

[1] This Court affirmed convictions for two counts of burglary of a habitation (trial court cause number 980D11615) in *Rodney Ramirez v. State*, 08-99-00082-CR, 2000 WL 1367952 (Tex.App.--El Paso September 21, 2000, pet. ref'd)(not designated for publication), and the mandate issued on June 17, 2013. We have considered taking judicial notice of the appellate record in cause number 08-99-00082-CR to determine whether the conviction in cause number 59793 was used for enhancement purposes in that case, but have decided against it because we have not been requested to take judicial notice and an appellate court will generally decline to take judicial notice of its own records to supply facts not contained in the case under consideration. *See In re Estate of Velvin*, 398 S.W.3d 426, 428 n.4 (Tex.App.--Texarkana 2013, no pet.).

pursuant to this order should be filed with the trial court clerk no later than December 5, 2013. The trial court's findings of fact should be filed with the trial court clerk no later than January 4, 2013. The written responses and evidence filed by the parties and the trial court's findings of fact should be included in a supplemental clerk's record and filed with this Court within 15 days after the trial court files its written findings of fact. In the event the trial court conducts a hearing, the court reporter shall prepare and file with this Court a transcription of the hearing within 15 days after the date of the hearing. The appeal will be reinstated when the supplemental clerk's record and reporter's record, if any, is filed.

IT IS SO ORDERED THIS 7TH DAY OF NOVEMBER, 2013.


PER CURIAM

Before McClure, C.J., Rivera, and Rodriguez, JJ.