

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00191-CR

---

IN RE:  RANDY HENDERSON

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Relator Randy Henderson has petitioned this Court for mandamus relief. Henderson claims to have filed, in May 2013, a motion in the trial court seeking forensic DNA testing. *See generally* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2014). Henderson asks us to compel the trial court to "afford him the right to post-conviction forensic [DNA] testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure." We construe this as a request to compel the trial court to rule on Henderson's motion.[1]

We may grant a petition for writ of mandamus when the relator shows there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam). "In proper cases, mandamus may issue to compel a trial court to act." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig proceeding) (per curiam) (trial court abuses discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate remedy to require trial court to hold hearing and exercise discretion). Trial courts are not required to consider or rule on a motion unless the motion is called to the court's attention. *See Blakeney*, 254 S.W.3d at 662.

---

[1]We may, where appropriate, direct a trial court to rule on a motion after a reasonable time, but this Court cannot instruct the trial court how to rule. *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). The trial court, of course, is not obligated to order testing unless the petitioner "establishes by a preponderance of the evidence that there is a reasonable probability that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." *Dinkins v. State*, 84 S.W.3d 639, 643 (Tex. Crim. App. 2002).

Henderson's petition is not accompanied by any proof that he brought this matter to the attention of the trial court. *See* TEX. R. APP. P. 52.3(k)(1). Nor is the petition accompanied by a certified or sworn copy of the motion that is the subject of his complaint, as is required by the Rules.[2] *See* TEX. R. APP. P. 52.3(k)(1)(A). Therefore, we are unable to determine if this matter has been brought to the trial court's attention or whether the trial court has had a reasonable time in which to rule on Henderson's motion. It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 33.1(a), 52.3(k)(1)(A), 52.7(a)(1). Here, the record is inadequate to grant mandamus relief.

Accordingly, we deny Henderson's petition for writ of mandamus.


                                         Jack Carter
                                         Justice


Date Submitted:      December 2, 2014
Date Decided:        December 3, 2014

Do Not Publish

---

[2]Henderson sought mandamus relief one year ago, apparently regarding the same motion for forensic DNA testing. *See Henderson v. State*, cause number 06-13-00189-CR. Our opinion in that case states that Henderson did attach a certified copy of his May 2013 motion for DNA testing. We denied relief after finding an unreasonable delay had not yet been established. Relator must still file a copy of the motion upon which he seeks a ruling with the instant petition: "The filing of a record in one case does not operate to compensate for the deficiency of the record in another. A party does not have any right to use an appellate record in one case to compensate for a deficient record in another case even though an appellate court does have the authority (but rarely does) to take judicial notice of its own records." *In re Estate of Velvin*, 398 S.W.3d 426, 428 n.4 (Tex. App.—Texarkana 2013, orig. proceeding); *see also Nolan v. Bettis*, 577 S.W.2d 551, 554 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.) (explaining why appellate courts do not normally take judicial notice of their own records).