IN RE: Ricky J. SHUGART

No. 06-17-00073-CV

Court of Appeals of Texas, Texarkana.

Date Submitted: July 11, 2017

Date Decided: July 12, 2017

Ricky J. Shugart, Pro Se, TDCJ # 1917471, Hamilton, 200 Lee Morrison Ln, Bryan, TX 77807, for appellant.

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Memorandum Opinion by Justice Moseley

Rick J. Shugart petitions this Court for mandamus relief. Shugart claims that the 336th Judicial District Court in Fannin County has failed to rule on motions Shugart claims to have filed in that court. Shugart also alleges that the District Clerk, Nancy Young, has failed to issue citation for a petition Shugart claims to have filed with Young's office on or about March 30, 2017. We deny Shugart's petition because (1) the record supplied by Relator Shugart is inadequate to establish a basis for mandamus relief and (2) this Court lacks mandamus jurisdiction over Fannin County District Clerk Young.

To be entitled to mandamus relief, the relator must show (1) that he has no adequate remedy at law and (2) that the action he seeks to compel is ministerial, not one involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The relator is obligated to provide this Court with a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana

2006, orig. proceeding); *see* Tex. R. App. P. 52.3. Before mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

■ Shugart's petition is not accompanied by a certified or sworn copy of the motions that he claims to have filed with the trial court as is required by the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1)(A). Compliance with this Rule is mandatory. *See In re Estate of Velvin*, 398 S.W.3d 426, 428 (Tex. App.—Texarkana 2013, no pet.). This Court is unable to ascertain that the motions have indeed been properly filed. Therefore, we cannot say that the trial court has failed to rule on the motions despite the passage of a reasonable amount of time. *See In re Nash*, No. 06-11-00197-CR, 2011 WL 4452405, at *1 (Tex. App.—Texarkana Sept. 27, 2011, orig. proceeding) (mem. op., not designated for publication).

■ As for Shugart's request that we compel the Fannin County District Clerk to issue citation for the petition Shugart claims to have filed, this Court lacks jurisdiction over district clerks, unless necessary to enforce our jurisdiction. This Court has limited mandamus jurisdiction; we may issue a writ of mandamus only against a "judge of a district or county court in the court of appeals district." Tex. Gov't Code Ann. § 22.221(b) (West 2004). That jurisdiction does not extend to other parties unless such mandamus relief would be necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (West 2004).

We deny Shugart's petition.