

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00044-CV

---

IN RE STATE FARM LLOYDS

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

State Farm Lloyds (State Farm) has filed a petition for writ of mandamus alleging that it filed a Motion to Modify Order (Motion to Modify), seeking the modification of an Order Granting Interpleader (the Order) entered by the Honorable Craig L. Henry, judge of the County Court at Law of Bowie County (the Respondent). State Farm asks this Court to direct the Respondent to modify its Order as requested in its Motion to Modify, or, in the alternative, to enter an order granting it the relief requested in its Original Petition for Interpleader. We deny State Farm's petition because State Farm has not shown that it is entitled to mandamus relief.

State Farm filed an Original Petition for Interpleader and Declaratory Judgment against Cynthia Nixon, et. al., seeking to interplead the policy limits of the structure coverage under its insurance policy insuring the structure and contents of a house in Texarkana and a declaratory judgment as to the compliance of the defendants with the policy conditions for the payment of contents coverage, and of the value of that coverage.

On March 29, 2019, the Respondent entered the Order granting the interpleader, but in addition to requiring State Farm to deposit into the registry of the court the policy limits of the structure coverage, the Order required it also to deposit the policy limits of the contents coverage. In its petition, State Farm states that it filed its Motion to Modify[1] asking the trial court to modify the Order by eliminating the portion ordering it to deposit the policy limits for the contents coverage and that over forty-five days have passed since the Order was signed.

---

[1]State Farm does not indicate when the Motion to Modify was filed.

Mandamus relief will be granted only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); *see In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). However, the relator must provide this Court with a record sufficient to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

State Farm has not provided this Court with a certified or sworn copy of its filed Motion to Modify, as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A). State Farm's failure to comply with this rule is fatal to its request, because, without certified or sworn copies of the motion, we cannot determine that the motion has actually been filed.[2] *See In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding) In addition, State Farm has not provided any evidence that the motion was brought to the trial court's attention and that a ruling was requested. The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see*

---

[2]Although State Farm has attached a copy of a Motion to Modify, and has sworn that it is a true copy, the document contains no file mark or any other indication that the motion was filed with the trial court.

*also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

State Farm has not shown that it is entitled to the requested relief. We deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice


Date Submitted:     June 11, 2019
Date Decided:       June 12, 2019