**DENIED and Opinion Filed January 7, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01430-CV

### IN RE BOBBY JOE EVENS, Relator

**Original Proceeding from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-10082**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Nowell

Bobby Joe Evens has filed a petition for writ of mandamus requesting the Court to compel the district clerk to inform him whether his bill of review and a discovery motion has been filed and to compel the trial court to set his bill of review and discovery motion for hearing. We deny relief.

This Court does not have jurisdiction to issue writs of mandamus against a district clerk unless it is necessary to enforce our own jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (authorizing court of appeals to issue writs of mandamus against district and county judges within appellate court's geographic jurisdiction or against other officials when necessary to enforce appellate court's jurisdiction); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding). Relator is not complaining about actions in an appeal pending in this Court and, therefore, we have no jurisdiction to act against the district clerk. *Shugart*, 528 S.W.3d at 796.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."  TEX. R. APP. P. 52.3(j).  The Court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).  Relator's petition contains a declaration stating that he does "declare under the Penalty of Perjury that the foregoing information is true and correct."  Thus, relator's petition does not comply with the certification requirement of rule 52.3(j).  *See id*.

Furthermore, rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of."  TEX. R. APP. P. 52.3(k)(1)(A).  Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding."  TEX. R. APP. P. 52.7(a)(1).

Relator has attached copies of documents to his petition, but the documents are not certified or sworn copies and thus not properly authenticated under the rules of appellate procedure.  Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003).  The affidavit or unsworn declaration must affirmatively show it is based on relator's personal knowledge.  *See Butler*, 270 S.W.3d at 759.  The affidavit or unsworn declaration is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.  *See id*.  An affidavit or unsworn declaration would comply with the rule if it stated, under

penalty of perjury, that the affiant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals. *See id.*

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a properly authenticated appendix containing certified or sworn copies of documents, relator has not provided a sufficient record to show his entitlement to mandamus relief. *See Butler*, 270 S.W.3d at 759; *Shugart*, 528 S.W.3d at 796.

Having concluded that the Court lacks the power to grant relator relief against the district clerk and that mandamus relief may not be considered in the absence of a properly authenticated petition and appendix of supporting documents, we deny relator's petition. *See Butler*, 270 S.W.3d at 758–59; *Shugart*, 528 S.W.3d at 796.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

191430F.P05