**DENIED and Opinion Filed March 4, 2020**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01537-CV**

**IN RE JOSEPH WAYNE HUNTER, Relator**

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-56295-R**

**MEMORANDUM OPINION**
Before Justices Schenck, Reichek, and Evans
Opinion by Justice Reichek

In this original proceeding, Joseph Wayne Hunter has filed a petition for writ of mandamus to compel the Dallas County District Attorney and the trial court to act upon his motion for forensic DNA testing and appointment of counsel he alleges he filed on May 20, 2019. Relator further alleges the Dallas County District Clerk has not responded to his request for a file marked copy of his motion. We deny relief.

This Court does not have jurisdiction to issue writs of mandamus against a district attorney or a district clerk unless it is necessary to enforce our own jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (authorizing court of appeals to issue writs of mandamus against district and county judges within

appellate court's geographic jurisdiction or when necessary to enforce appellate court's jurisdiction); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding). Relator is not complaining about actions in an appeal pending in this Court and, therefore, we have no jurisdiction to act against the district attorney or the district clerk. *Shugart*, 528 S.W.3d at 796. Accordingly, we dismiss relator's petition for writ of mandamus to the extent it requests mandamus relief against the Dallas County District Attorney and the Dallas County District Clerk.

Turning to relator's complaint against the trial court judge, to establish a right to mandamus relief, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To show his entitlement to mandamus relief compelling a trial court to rule on a motion, relator must show (1) the trial court had a legal duty to rule on the motion because it was properly filed and timely presented, (2) relator requested a ruling on the motion, and (3) the trial court failed or refused to rule on the motion within a reasonable period of time. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding); *In re Carter*, No. 05-18-00296-CV, 2018 WL 1417409, at *1 (Tex. App.—Dallas Mar. 22, 2018, orig. proceeding).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.3(k)(1)(A)

–2–

requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached copies of documents to his petition, but the documents are not certified or sworn copies and thus not properly authenticated under the rules of appellate procedure. Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must affirmatively show it is based on the affiant's personal knowledge. *See Butler*, 270 S.W.3d at 759. The affidavit or unsworn declaration is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *See id*. To comply with the rules, the affidavit or unsworn declaration must state the affiant has personal knowledge that the copies of the documents in the appendix are correct copies of the originals. *See id*.

Without certified or sworn copies of the motions and requests and documents showing he requested a ruling, relator cannot establish the trial court had a legal duty to rule on the motion and thus violated a ministerial duty. *See Prado*, 522 S.W.3d at 2; *Butler*, 270 S.W.3d at 759. Relator does not include a certified or sworn copy of the trial court's docket sheet or other proof that would establish relator filed the motions as he alleges, requested a ruling on them from the trial court, and the trial court failed to act on his motions within a reasonable time.[1]

We conclude the mandamus record is insufficient to establish that the motion for forensic DNA testing was properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. *See Prado*, 522 S.W.3d at 2. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

191537F.P05

---

[1] Although it is unofficial, we note that the trial court's online docket sheet does not reflect relator filed the May 20, 2019 motion at issue.