**DENIED and Opinion Filed December 14, 2020**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00725-CV**

**IN RE ROBERT BRUCE READ, JR., Relator**

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81170-06**

## MEMORANDUM OPINION

Before Justices Whitehill, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

In this latest filing,[1] Robert Bruce Read, Jr. petitions the court to review his

2006 conviction for aggravated sexual assault and issue a writ of mandamus to

---

[1] This Court affirmed the conviction on direct appeal, rejecting issues of evidentiary sufficiency and late disclosure of claimed exculpatory evidence pursuant to *Brady v. Maryland*, and the Court of Criminal Appeals refused his petition for discretionary review. *See Read v. State*, No. 05-09-00413-CR, 2010 WL 2904627 (Tex. App.—Dallas July 27, 2010, pet. ref'd) (mem. op. not designated for publication). The Court of Criminal Appeals later declined relief based on two writs of habeas corpus, the first being denied on February 19, 2014, based on the trial court's findings (WR-80,769-01), and the second being dismissed as a subsequent writ on August 17, 2016 (WR-80,769-02), see TEX. CODE CRIM. PROC. art. 11.07, § 4.

During that time, Read brought a habeas claim in federal court pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, but the court concluded it was time-barred and declined to apply equitable tolling to extend the statute of limitations. *See Read v. Director, TDCJ-CID*, No. 4:14cv144, 2015 WL 13016000 (Mag. J. Rpt. Aug. 18, 2015), 2017 WL 434229 (Order of Dismissal) (E.D. Tex. Feb. 1, 2017). Read later filed an action nominally pursuant to 42 U.S.C. § 1983, but requesting reversal and remand, as here, because the indictment was "null and void." *See Read v. Wheless, et al.*, No. 4:18cv68, 2018 WL 6112969 (Mag. J. Rpt. Apr. 18, 2018). Construing the action as a successive writ of habeas corpus, the court dismissed it for lack of permission from the Fifth Circuit to file a successive writ, see 28 U.S.C.

compel the trial court to provide him with trial transcripts, pretrial discovery materials, documents requested in a motion filed in 2012 in connection with an 11.07 habeas writ application, and grand jury transcripts. He further requests an evidentiary hearing to further develop the record and that we order the Collin County District Clerk to provide him with information regarding the cost of reproducing and mailing documents. Relator asserts he needs the various documents for use in filing a future application for writ of habeas corpus to challenge his conviction. We deny relief.

Relator grounds his claim for relief on *Padieu v. Court of Appeals, Fifth Dist.*, 392 S.W.3d 115 (Tex. Crim. App. 2013). Padieu petitioned for a writ of mandamus to compel the trial court to rule upon a pending motion requesting access to his trial record. *See id.* at 117. Because Padieu intended to use the requested record to file an article 11.07 habeas application, the court of appeals concluded it lacked jurisdiction and denied relief *Id*. The court of criminal appeals then granted mandamus relief, concluding that when there is no pending article 11.07 writ proceeding, the court of appeals may rule on the merits of a mandamus petition contending the trial court had failed to rule on a motion for access to materials intended for use in a habeas proceeding. *Id*. at 117–18.

§ 2244(b)(3)(A). *See Read v. Wheless et al.*, No. 4:18cv68, 2018 WL 6078217 (Order of Dismissal) (E.D. Tex. Nov. 21, 2018).

–2–

In this case, unlike *Padieu*, there is no complaint that the trial court has failed to perform a ministerial duty to rule on a motion pending before it. Instead, as he has done in other challenges to his conviction, relator nominally grounds his request for relief in one procedural vehicle but asks for relief available only under another. Relator petitions for mandamus relief but asks us to review his final conviction and order the trial court in the first instance to provide him with documents, discovery, and an evidentiary hearing, all after two attempts at state habeas relief and two attempts at federal habeas relief. This relief falls within the purview of an article 11.07 habeas writ rather than the court's mandamus jurisdiction. *See generally* TEX. CODE CRIM. PROC. art. 11.07; *In re Harrison*, 187 S.W.3d 199, 200 (Tex. App.—Amarillo 2006, orig. proceeding) (declining to grant mandamus relief where relator's collateral attack on conviction more appropriately brought as article 11.07 habeas proceeding); *see also In re Wilkerson*, No. 05-17-01101-CV, 2017 WL 4173660, at *1 (Tex. App.—Dallas Sep. 21, 2017, orig. proceeding) (mem. op.) (court of appeals lacked jurisdiction to consider mandamus petition requesting appellate court to obtain grand jury transcripts, warrants, and arrest reports and then order trial court to hold evidentiary hearing); *In re Morgan*, No. 02-16-00077-CV, 2016 WL 1237858 (Tex. App.—Fort Worth Mar. 28, 2016, orig. proceeding) (mem. op. not designated for publication) ("Even though his [11.07] application is no longer 'pending,' we believe that we do not have jurisdiction over relator's mandamus

petition because he is challenging the trial court's express or implied rulings made during his prior 11.07 application.").

Finally, relator's request for mandamus relief against the district clerk does not lie within the mandamus power of this court. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (authorizing court of appeals to issue writs of mandamus against district and county judges within appellate court's geographic jurisdiction or whennecessary to enforce appellate court's jurisdiction); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding). If the district clerk refuses to provide relator with cost information for trial records he needs to prepare a habeas application, the appropriate remedy is a petition for writ of mandamus to the court of criminal appeals. *See generally In re Bonilla*, 424 S.W.3d 528, 532–34 (Tex. Crim. App. 2014) (orig. proceeding).

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny a mandamus petition if the court determines relator is not entitled to the relief sought).

/Cory L. Carlyle/
_____
CORY L. CARLYLE
JUSTICE

200725F.P05

–4–