**DENIED and Opinion Filed July 1, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-22-00552-CV**
**No. 05-22-00553-CV**

**IN RE LAFAYETTE HURDLE, Relator**

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F84-82252-QU & F84-73567-QU**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Molberg

LaFayette Hurdle has filed a petition seeking a writ of mandamus against the Dallas County District Clerk. Relator contends the district clerk has failed to perform a ministerial duty to transmit, to either this Court or the court of criminal appeals, his motion for a nunc pro tunc judgment seeking additional time credit on his sentences, any response filed to the motion, and a certification showing the date the trial court made findings on the motion.[1] We deny relief.

---

[1] If relator desires to challenge the trial court's denial of a time credit, he would need to file a petition for writ of mandamus to this Court naming the trial court judge as respondent. *See Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (explaining process for challenging sentence time credit).

This Court does not have jurisdiction to issue a writ of mandamus directed at the district clerk unless it is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE § 22.221(a), (b); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding). Nothing in the mandamus record shows mandamus is required to enforce our jurisdiction.

The record does not include a certified or sworn copy of the motion for a nunc pro tunc judgment nor any documentation, such as a docket sheet, showing whether a response was filed or a ruling was issued. The record also does not include any documents that would establish the district clerk had a ministerial duty to transmit the motion and other documents to this Court or the court of criminal appeals as relator contends.

Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). On the record presented, relator has not established that mandamus relief against the district clerk is necessary to enforce our jurisdiction. *See Shugart*, 528 S.W.3d at 796.

Accordingly, we deny relator's petition for writ of mandamus.

220552f.p05
220553f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE

–2–