**DENIED and Opinion Filed May 10, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00268-CV**

**IN RE JAMES ATCHLEY, JR., Relator**

**Original Proceeding from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F20-55447-L**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Goldstein

In this original proceeding, James Atchley, Jr. petitions the Court for a writ of mandamus to compel the trial court and/or its officers, administrators, or clerks to send a teletype to the Texas Department of Criminal Justice Detainers Department releasing a Dallas County detainer against him. Relator contends Dallas County should lift the detainer against him because Dallas County dismissed its charge against him after he was convicted and sentenced to ten years in prison for an offense in Ellis County. Relator claims the outdated detainer affects his eligibility for parole, prison employment, and educational opportunities.

Mandamus is available only to correct a clear abuse of discretion or the violation of a duty imposed by law for which there is no adequate legal remedy.

*Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Id*. at 837.

To meet his burden, relator must file a record or appendix to his petition that contains certified or sworn copies of all relevant orders and material documents that show the matter complained of or that were filed in the underlying proceeding. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Relator must certify that he has reviewed the petition and concluded that all factual statements within it are supported by competent evidence in the appendix or record. *See* TEX. R. APP. P. 52.3(j).

Relator has not met his burden. Relator's petition is not certified and his record is not properly authenticated and does not contain material documents necessary to support his claim.

The record consists of unsworn, uncertified copies of documents purporting to show that Dallas County dismissed its case against relator and a prison official has refused to upgrade relator's opportunities while the detainer is in place. Relator presents no documents showing he has notified the trial court of the need to send the teletype to prison officials or that he has requested such a transmission. At best, he presents a cryptic statement in his uncertified petition alleging that he and his family "have constantly and continuously shown due diligence" in trying to get the detainer lifted. Without authenticated documents showing that relator has requested transmission of the teletype, and the trial court has a duty to send it which it has

failed or refused to perform, relator cannot show the trial court has abused its discretion or that he lacks an adequate legal remedy.

Finally, we note that to the extent relator is requesting, or needs, mandamus relief against the district clerk, we do not have the power to issue a writ of mandamus directed at the district clerk unless it is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE § 22.221(a), (b); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.— Texarkana 2017, orig. proceeding). Nothing in the mandamus record shows mandamus is required to enforce our jurisdiction.

Without a properly certified petition supported by a complete record of certified or sworn copies of material documents showing relator has tried to obtain the transmission of the teletype and that he needs it from the trial court rather than from the district clerk, relator cannot show he is entitled to mandamus relief. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a); *In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding); *Shugart*, 528 S.W.3d at 796.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

230268F.P05

–3–