

# NUMBERS 13-24-00639-CR, 13-24-00640-CR, 13-24-00641-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ALAN MICHAEL AGUILAR

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Peña[1]**

Relator Alan Michael Aguilar filed a pro se petition for writ of mandamus regarding trial court cause numbers 20-CCR-02947-A and 21-CCR-01874-A, arising from the County Court at Law No. 1 of Cameron County, Texas, and 21-DCR-00968-A, arising from the 107th District Court of Cameron County, Texas, and docketed respectively in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

our appellate cause numbers 13-24-00639-CR, 13-24-00640-CR, and 13-24-00641-CR. Relator contends that the judges of these trial courts and the State have failed "to address and respond to his motions and other filings" in which he "moves the court[s] and State to dismiss the allege[d] pending case[s] for failure to prosecute." Relator seeks to compel the trial courts and the State to either dismiss his cases or prosecute them.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form

2

and content for a petition in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus and relator's failure to furnish an appendix or record, is of the opinion that relator has not met his burden to obtain mandamus relief against the judges of the trial courts. And, to the extent that relator seeks relief against the State, our mandamus jurisdiction does not extend to other parties unless it is necessary to enforce our jurisdiction, and this case presents no such circumstances. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b), (c); *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding). Accordingly, we deny the petition for writ of mandamus in part as to the judges of the trial courts and dismiss it in part for lack of jurisdiction as to the State. Our ruling encompasses each of the foregoing cause numbers.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
18th day of December, 2024.

3