

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00069-CR

IN RE EDWARD JAMES COLEMAN, JR.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Edward James Coleman, Jr., has filed a pro se petition for a writ of mandamus claiming that he "has suffered . . . false convictions" in two Bowie County cases concluded in the late 1990s and one case from Angelina County. Coleman's list of respondents includes the following: the Board of Pardons and Paroles; former judge Bill Peek, who sat on the 202nd Judicial District Court of Bowie County in the 1990s; Bowie County District Clerk Lori Caraway; former Bowie County assistant district attorney, James Elliott; Bobby Lumpkin, the chief operations officer at the Texas Department of Criminal Justice; Edward L. Marshall and Jennifer Wren, assistant attorney generals; Reba Squyres, former Angelina County district clerk; Brown Collins; and Angelina County District Clerk Meagan Moore. We conclude that we lack mandamus jurisdiction over Coleman's laundry-list of respondents.

Our mandamus jurisdiction is limited by Section 22.221 of the Texas Government Code, which authorizes appellate courts to issue writs of mandamus against certain judges in their districts, including judges of district courts, and to enforce our appellate jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Supp.). "That jurisdiction does not extend to other parties[, such as district attorneys or district clerks,] unless such mandamus relief would be necessary to enforce our jurisdiction." *In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, orig. proceeding); *see* TEX. GOV'T CODE ANN. § 22.221(a).

Here, because the Board of Pardons and Paroles, Lumpkin, Marshall, Wren, Squyres, Collins, and Moore are not within our district, we dismiss Coleman's petition for a writ of mandamus against them for want of jurisdiction. Next, Coleman named a former Bowie County

2

judge, who is now deceased. "A writ of mandamus may not be directed to a former judge." *In re Emerson*, No. 06-18-00078-CV, 2018 WL 5091807, at *1 (Tex. App.—Texarkana Oct. 19, 2018, orig. proceeding) (mem. op.) (quoting *In re Calpakis*, No. 14-13-00422-CV, 2013 WL 3580907, at *1 (Tex. App.—Houston [14th Dist.] July 11, 2013, orig. proceeding) (per curiam) (mem. op.)). "This is because 'the writ must be directed to someone' who 'would be compelled to obey it.'" *Id.* (quoting *In re Schmitz*, 285 S.W.3d 451, 454 (Tex. 2009) (orig. proceeding)). As for the remaining respondents, the former Bowie County assistance district attorney and current Bowie County district clerk, we find no present circumstance that would make a writ of mandamus issued against them necessary to enforce our jurisdiction.

Because we lack mandamus jurisdiction over Coleman's list of respondents, we dismiss his petition.

Charles van Cleef
Justice

Date Submitted:     April 30, 2025
Date Decided:       April 30, 2025

Do Not Publish

3