

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-25-00097-CR |
| JUSTIN RYAN CORBISIER | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Justin Ryan Corbisier is incarcerated pending trial on a charge of aggravated robbery. Corbisier, appearing pro se, has filed a petition for writ of mandamus directed against the Honorable Sam Medrano of the 409th Judicial District Court. Corbisier requests we compel the trial court to issue his petition for writ of habeas corpus and hold a *Faretta* hearing. *Faretta v. California*, 422 U.S. 806 (1975). Corbisier also acknowledges that he is represented by court-appointed counsel, Carl DeKoatz, but claims DeKoatz is "not legally" his attorney and that he "never consented to [his appointment]." To clarify the status of the proceedings below, we requested the State to file a response.

According to the State's response[1] and the court records it provided, Corbisier was indicted on March 12, 2024 for aggravated robbery. The trial court appointed counsel on February 27, 2024. Corbisier's appointed counsel filed a motion to withdraw on February 10, 2025; the trial court did not rule on the withdrawal motion. Corbisier acknowledges the hybrid representation issue in his petition for writ of mandamus.

Generally, a criminal defendant is not entitled to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (en banc). The complaints raised in Corbisier's petition for writ of mandamus directly relate to the criminal proceedings in which he is represented by counsel. Accordingly, Corbisier is not entitled to hybrid representation and his pro se petition for writ of mandamus must be disregarded. *See Patrick*, 906 S.W.2d at 498; *see also Ex parte Bohannan*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) (finding habeas applicant was not entitled to hybrid representation and court must disregard and take no action on pro se filings); *In re Fulco*, No. 05-24-01197-CR, 2024 WL 4511328, at *1 (Tex. App.—Dallas Oct. 17, 2024, orig. proceeding) (mem. op., not designated for publication).

We deny Corbisier's pro se petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

---

[1] The State argues Corbisier's petition does not comply with the Texas Rules of Appellate Procedure. We agree and find that denial of mandamus relief is further warranted by way of Corbisier's failure to provide a record or an appendix containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," as is required by the Texas Rules of Appellate Procedure. Tex. R. App. P. 52.7(a)(1); *see In re Shugart*, 528 S.W.3d 794, 796 (Tex. App.—Texarkana 2017, no pet.) ("[Relator's] petition is not accompanied by a certified or sworn copy of the motions that he claims to have filed with the trial court as is required by the Texas Rules of Appellate Procedure. Compliance with this Rule is mandatory.") (citations omitted); *see also In re Flanagan*, No. 12-12-00279-CR, 2012 WL 5356346, at *1 (Tex. App.—Tyler Oct. 31, 2012, orig. proceeding) (mem. op., not designated for publication) (denying mandamus relief because relator "did not provide an appendix or record" as is required by the Texas Rules of Appellate Procedure).

MARIA SALAS MENDOZA, Chief Justice

May 15, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)